09-2674-cr
United States v. Gray

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand ten.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          DENNY CHIN,
                    *Circuit Judges.*
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

                    *Appellee,*

          v.                                        No. 09-2674-cr

DAWN GRAY,

                    *Defendant-Appellant.*
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     DAVID A. LEWIS, Federal Defenders of New York, Inc., New York, New York.

APPEARING FOR APPELLEE:      MELISSA B. MARRUS, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York

(Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on June 15, 2009, is AFFIRMED.

Dawn Gray, who was convicted upon a guilty plea of one count of illegal reentry after a felony conviction, see 8 U.S.C. § 1326(a), (b)(2), and found in violation of supervised release on her past conviction, challenges the reasonableness of her 30-month sentence, a variance from the 46-to-57-month prison term recommended by the applicable Sentencing Guidelines range. Gray submits that the district court committed legal error in misapprehending the scope of its authority to mitigate her sentence further to avoid unwarranted sentencing disparity, see 18 U.S.C. § 3553(a)(6), resulting from the absence of a fast-track program in the district of her conviction. We review a sentence for reasonableness, see United States v. Booker, 543 U.S. 220, 261-62 (2005), a standard akin to review for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). "Reasonableness review involves consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007). In undertaking this review, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In several districts "where the number of illegal re-entry cases was overwhelming the capacity to prosecute violators," the United States Attorneys have instituted fast-track programs, whereby they recommend reduced sentences in return for defendants' waiver of various rights, including grand jury indictment, jury trial, presentation of a pre-sentence

2

report, and appellate review. United States v. Mejia, 461 F.3d 158, 160 (2d Cir. 2006). Pursuant to congressional directive, see Prosecutorial Remedies and Other Tools To End the Exploitation of Children Today Act, Pub. L. No. 108-21, § 401(m), 117 Stat. 650, 675 (2003), the United States Sentencing Commission promulgated U.S.S.G. § 5K3.1, which states that, upon motion of the Government, a court calculating a defendant's Guidelines range "may depart downward not more than 4 levels" in consideration of the defendant's participation in a fast-track program. In United States v. Mejia, we held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." 461 F.3d at 164. Gray nevertheless contends that the district court erred here in concluding that it could not reduce her sentence based on the fast-track disparity without first finding that she had waived the same rights as those receiving fast-track sentences under U.S.S.G. § 5K3.1. See Kimbrough v. United States, 552 U.S. 85 (2007); United States v. Booker, 543 U.S. 220 (2005).

This court has not yet addressed the question of whether a district court "has the authority to impose a non-Guidelines sentence in response to the fast-track sentencing disparity if it deems such a reduced sentence to be warranted." United States v. Liriano-Blanco, 510 F.3d 168, 172 (2d Cir. 2007). We need not do so here because, even assuming such authority, we identify no legal error in Gray's sentence. Although the district court noted that Gray's fast-track disparity argument was "not widely accepted," it stated that it was "not opposed to accepting th[e] argument on the right facts." Sent'g Tr. at 20. In short, the court assumed its authority to mitigate Gray's sentence for the absence of a fast-

3

track program even without a § 5K3.1 motion. The court explained that it did not do so because the "facts" in Gray's case did not reflect unwarranted disparity. Gray "ha[d not] made the trade-offs that somebody in one of [the fast-track] programs typically makes." Id. This record does not reflect a district court's mistaken belief that it was bound to follow a Guideline. Rather, it reflects a district court's reasonable, independent determination that Gray was not sufficiently similarly situated to defendants who received § 5K3.1 consideration to support a finding of unwarranted disparity. Gray points to no other evidence indicating that the district court wished to vary from the Guidelines but considered itself unable – as a matter of law – to do so. To the contrary, the record shows that the district court fully understood – and exercised – its discretion to impose a non-Guidelines sentence based on its assessment of the totality of the § 3553(a) factors. The court acknowledged the particular difficulties of Gray's personal circumstances but concluded that the facts signaled a need for incarceration to deter her further illegal reentry. We identify no legal error in the challenged sentence.

We have considered Gray's remaining arguments on appeal and conclude that they lack merit. For the foregoing reasons, the district court's June 15, 2009 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4